UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES BYRON HOLCOMB,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security<br><br>                    Defendant. | Case No. 3:13-cv-05256-KLS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S MOTION TO DISMISS |

Plaintiff has brought this matter for judicial review of defendant's dismissal of his claim for spousal benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. This matter comes before the Court on plaintiff's filing of a motion to strike defendant's motion to dismiss the complaint in this matter and to order defendant to file an answer and the administrative record, or in the alternative to continue the motion to dismiss to allow plaintiff additional time to file a response to the motion to dismiss.[1] See ECF #6 and #7. For the reasons discussed below, plaintiff's request to strike defendant's motion to dismiss and order defendant to file her answer and the administrative record is DENIED, but his request for additional time to file a response to the motion to dismiss is GRANTED.

Defendant has brought her motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1).

---

[1] Plaintiff also has requested oral argument on his motion. The Court, however, finds such argument is unnecessary at this time, and therefore that request is DENIED.

ORDER - 1

Specifically, defendant alleges that because plaintiff did not exhaust all of his administrative remedies, he did not receive a final agency decision concerning his claim for spousal benefits, thereby depriving the Court of jurisdiction over this matter. It is not entirely clear what the basis for plaintiff's motion to strike is other than his assertion that the administrative record along with the answer to the complaint should be filed by defendant, and that he is prepared to go forward with arguing the merits of his case.

The Federal Rules of Civil Procedure are quite clear, however, that the defense of lack of subject matter jurisdiction "must be made before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). That is, in order to assert this defense, defendant is required to assert it in a motion filed prior to filing her answer to the complaint. Defendant, therefore, was well within her rights to do so. Thus, given that defendant has not yet filed an answer, her motion to dismiss for lack of subject matter jurisdiction is properly before the Court. Nor does the Court find that the administrative record is required or necessary at this time.

A motion to dismiss attacking "the substance of a complaint's jurisdictional allegations despite their formal sufficiency," may "rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir. 2007). The party opposing the motion then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair, 880 F.2d at 201. Accordingly, it is not an abuse of the Court's discretion to consider such "extra-pleading material," even when "necessary to resolve factual disputes." Id.

It is true that the Court may not decide the issue of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) if "the jurisdictional issue and the issue on the merits are . . . factually so

ORDER - 2

'completely intermeshed,' that 'the question of jurisdiction is dependent on decision of the merits.'" Id. at 202 (citations omitted).  In this case, however, these issues are not so intermeshed as to preclude judicial review under Fed. R. Civ. P. 12(b)(1), and indeed the issue of the Court's authority to review the ALJ's decision is completely divorced from plaintiff's claims regarding the actual merits of that decision, that is, whether his claim for spousal benefits was improperly denied by defendant at the administrative review level.

Accordingly, plaintiff's request to strike defendant's motion to dismiss and to order defendant to file both her answer and the administrative record (see ECF #7) is DENIED.  As defendant does not object to plaintiff's request for additional time to respond to defendant's motion to dismiss, that request is GRANTED.  Plaintiff, therefore, shall have until **August 12, 2013**, to file his response to defendant's motion to dismiss.  The Court notes plaintiff's statement in his motion to strike that if his motion is denied, he intends to exceed by a large margin the page limit set forth in Local Rule 7. See ECF #7, p. 5.  **Plaintiff is warned, however, that as a party to this matter he is bound by both the Federal Rules of Civil Procedure and the Local Rules of this Court – including Local Rule 7 – even though he is proceeding *pro se* in this matter, and that he is expected to abide by them.**  Defendant's reply to plaintiff's response, if any, shall be filed by no later than **August 22, 2013**.

The Clerk is directed to re-note defendant's motion to dismiss for **August 23, 2013**.  The Clerk also is directed to send a copy of this order to plaintiff and counsel for defendants.

DATED this 22nd day of July, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3