UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BYRON HOLCOMB,

                              Plaintiff,

       v.

CAROLYN W. COLVIN, Commissioner of
Social Security, [1]

                              Defendant.

Case No. 3:13-cv-05256-KLS

ORDER DECLINING TO RECUSE
VOLUNTARILY, REFERRING THE
MOTION TO THE CHIEF JUDGE, AND
STAYING THE ACTION

       Plaintiff has brought this matter for judicial review of defendant's dismissal of his claim

for spousal benefits.  Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and

Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned

judge.  This matter comes before the Court on plaintiff's filing of objection to the undersigned's

order denying his motion to strike defendant's motion to dismiss, request for review and motion

for reconsideration by the Chief Judge, and motion to recuse the undersigned.  See ECF #11.  For

the reasons set forth below, the undersigned hereby declines to voluntarily recuse herself from

this case, refers this matter to the Chief Judge for a decision on plaintiff's motion for recusal and

stays this matter this matter pending that decision.

       Pursuant to 28 U.S.C. § 455(a), a judge of the United States shall disqualify herself in any

proceeding in which her impartiality "might reasonably be questioned."  A federal judge also

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of the Social Security
Administration.  Therefore, under Federal Rule of Civil Procedure 25(d)(1), Carolyn W. Colvin is substituted for
Commissioner Michael J. Astrue as the Defendant in this suit.  **The Clerk of Court is directed to update the
docket accordingly.**

ORDER - 1

shall disqualify herself in circumstances where she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding.  28 U.S.C. § 455(b)(1).  Pursuant to 28 U.S.C. § 144:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." Yagman v. Republic Insurance, 987 F.2d 622, 626 (9th Cir.1993).  This is an objective inquiry concerned with whether there is the appearance of bias, not whether there is bias in fact. Preston v. United States, 923 F.2d 731, 734 (9th Cir.1992); United States v. Conforte, 624 F.2d 869, 881 (9th Cir.1980).  In Liteky v. United States, 510 U.S. 540 (1994), the United States Supreme Court further explained the narrow basis for recusal:

> [J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

Id. at 555.

This court makes rulings in each case based upon the issues presented by the parties or upon sua sponte review by the court.  Plaintiff does not assert any instance of bias or lack of impartiality on the part of the undersigned, but merely alleges he is unable to comply with the directive contained in the undersigned's order denying his motion to strike, which he asserts is both "'harsh' and 'drastic'" and inequitable with respect to his position in this case. ECF #7, p. 4,

ORDER - 2

see also ECF #10-#11.  That directive consisted of a warning to plaintiff that he – as with respect to any other party appearing before the Court – was expected to abide by both the Federal Rules of Civil Procedure and the Local Rules of this Court, including Local Rule 7, and was issued in response to plaintiff's express statement that he intended to file a response to defendant's motion to dismiss in excess of the page limits allowed by Local Rule 7. See ECF #10.

The undersigned finds nothing untoward or biased or otherwise improper in this warning particularly given the express intent to exceed what is allowable by Local Rule made by plaintiff, and thus declines to recuse voluntarily.  Pursuant to Local General Rule 8(c), therefore, this matter is referred to the Chief Judge.  Accordingly, it is hereby ordered that the undersigned **DECLINES** to recuse voluntarily, and plaintiff's motion to recuse the undersigned hereby is **REFERRED** to Chief Judge Marsha J. Pechman for decision.

The Clerk is directed to send a copy of this order to plaintiff and to counsel for defendant, and to place the motion to recuse the undersigned on Chief Judge Pechman's calendar.

**THIS ACTION IS STAYED PENDING RESOLUTION OF THE RECUSAL ISSUE.**

DATED this 16th day of August, 2013.

Karen L. Strombom
United States Magistrate Judge

ORDER - 3