UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BYRON HOLCOMB,

                Plaintiff,

  v.

CAROLYN W. COLVIN, Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05256-KLS

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Plaintiff has brought this matter for judicial review of defendant's dismissal of his claim for spousal retirement benefits on behalf of his deceased spouse. This matter is currently before the Court on defendant's motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(1). See ECF #6. Pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing defendant's motion, plaintiff's response to that motion, defendant's reply thereto and the remaining record, the Court hereby finds that for the reasons set forth below defendant's motion should be granted.

## STANDARD OF REVIEW

A motion to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(1) "can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of

ORDER - 1

Chico, 880 F.2d 199, 201 (9th Cir. 1989); see also Corrie v. Caterpillar, Inc., 503 F.3d 974, 980 (9th Cir. 2007). The party opposing the motion then must "present affidavits or any other evidence necessary to satisfy its burden of establishing that the court, in fact, possesses subject matter jurisdiction." St. Clair, 880 F.2d at 201. As such, it is not an abuse of the Court's discretion to consider such "extra-pleading material," even when "necessary to resolve factual disputes." Id. "[A]ll disputed facts," however, are to be "resolved in favor of the non-moving party." Costco v. United States, 248 F.3d 863, 865-66 (9th Cir. 2001); see also Murphy v. Schneider National, Inc., 362 F.3d 1133, 1139 (9th Cir. 2004); McNatt v. Apfel, 201 F.3d 1084, 1087 (9th Cir. 2000) (court favorably views facts alleged to support jurisdiction).

FACTUAL AND PROCEDURAL HISTORY

On April 28, 1997, plaintiff's spouse, Karen R. Holcomb, filed a claim for disability insurance benefits. See ECF #6-2, Declaration of Robert Weigel ("Weigel Declaration"), Exhibit 1, p. 4. She began receiving such benefits in July 1997. Weigel Declaration, p. 2. On October 14, 1999, plaintiff filed a claim for retirement benefits. Weigel Declaration, Exhibit 1, p. 4. Although Mrs. Holcomb continued to receive disability insurance benefits until her death on January 18, 2011, she never filed a claim for spousal retirement benefits. Weigel Declaration, p. 2, Exhibit 2, p. 13. It appears plaintiff did not become aware of the potential for Mrs. Holcomb to receive spousal retirement benefits until he reported her death to the Social Security Administration ("SSA") in March 2011. See Weigel Declaration, Exhibit 2, p. 13; ECF #1, Exhibits B-11, B-42.

Plaintiff alleges that shortly after reporting Mrs. Holcomb's death he was informed by an SSA representative that a claim for spousal retirement benefits could have been filed when she turned age 62 on October 20, 2008, but that he could not now apply for them. See ECF #1,

ORDER - 2

Exhibits B-42, B-43. On April 8, 2011, plaintiff filed a request for reconsideration with the SSA appealing the SSA's "determination" that he could not apply for spousal retirement benefits on his wife's behalf. Id., Exhibit B-42, B-43; see also Exhibit B-46; see also Weigel Declaration, p. 3, Exhibit 1, p. 2. In that request for reconsideration, plaintiff also alleged Mrs. Holcomb was never told she could file for those benefits either when she filed for her disability insurance benefits or at any other time. See Exhibits B-42, B-43; see also Weigel Declaration, Exhibit 1, p. 2.

That request for reconsideration was dismissed on April 18, 2011, because there had been "no initial determination made with appeal rights attached." Weigel Declaration, p. 3, Exhibit 1, p. 4. On May 12, 2011, plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ") challenging the dismissal of his request for reconsideration. See ECF #1, Exhibit B-58; Weigel Declaration, Exhibit 1, pp. 8-9. On October 21, 2011, that request was dismissed by an ALJ on the basis that plaintiff lacked any appeal rights, since no initial or reconsideration determination had been made. See Weigel Declaration, Exhibit 2, pp. 13-14.[1] Plaintiff's request for review of the ALJ's dismissal was denied by the Appeals Council on February 7, 2013. See id. at pp. 15-16.

On April 5, 2013, plaintiff filed his complaint in this Court claiming that both the ALJ and the Appeals Council erred in determining that he lacked the right to appeal and thus that he

---

[1] The ALJ also addressed plaintiff's claim that the SSA failed to give any notice regarding the potential for spousal retirement benefits as follows:

> Mr. Holcomb argues that SSA had the burden to advise Ms. Holcomb to file for spouse's benefits on his account when she attained age 62.
>
> There is no requirement that SSA solicit applications. There is a provision for establishing a protective filing date if the Agency provides misinformation. However, that provision applies only if there is an actual application, plus evidence of misinformation. Neither is present in this case (20 CFR 404.633).

Id. at p. 14, n.1.

ORDER - 3

had no right to a hearing. See ECF #1, pp. 4-5. Plaintiff also once more raises the issue of lack of notice of the right to apply for spousal retirement benefits. See id. at p. 5. Although it is not entirely clear from the face of the complaint, it appears plaintiff may be asserting a due process claim with respect to that issue. See id.; see also ECF #16, pp. 3-4. He seeks a reversal of this matter and an award of spousal retirement benefits. See id. at p. 6.

On June 10, 2013, prior to filing an answer and a copy of the administrative record in this case, defendant submitted her motion to dismiss. See ECF #6. Following dismissal of plaintiff's motion to strike and motion for recusal (see ECF #7, #10=#12, #14), plaintiff's matter was re-noted to allow plaintiff additional time to respond thereto (see ECF #13, #15). As plaintiff has filed his response to defendant's motion (see ECF #16) and defendant has filed her reply thereto (see ECF #17), this matter is now ripe for consideration. Defendant argues the Court lacks subject matter jurisdiction because plaintiff failed to exhaust his administrative remedies, and thus there is no final decision subject to judicial review. For the reasons set forth below, the Court agrees it lacks the requisite jurisdiction in this case.[2]

## DISCUSSION

Prior to seeking judicial review in this Court plaintiff must obtain a "final judgment"

---

[2] Relying on a 1962 district court decision from the Southern District of West Virginia, plaintiff – as did the plaintiff in that case – argues that a motion to dismiss is "unavailable" to defendant here, because "an examination of certain portions of 42 U.S.C.A. § 405(g) shows that the [Commissioner] is limited in the instant action to filing an answer together with a certified copy of the transcript of the record." Smith v. Ribicoff, 206 F.Supp. 133, 135 (1962 S.D. W. Va.); see also ECF #16, pp. 7-8. But the district court in Smith itself rejected that argument:

> Plaintiff's argument that a motion to dismiss is unavailable to the government in this situation is completely without merit. This court has jurisdiction of this case only by virtue of the statute conferring that jurisdiction, and 'no findings of fact or decision of the [Commissioner] shall be reviewed by any person, tribunal, or governmental agency except as herein provided.' 42 U.S.C.A. § 405(h). If the statutory condition precedents to judicial review have not been honored, then the court has no jurisdiction of the case. In such a situation the [Commissioner] need only show those facts which preclude judicial review, and a motion to dismiss is a proper vehicle to make such a showing.

Id. So too does this Court for the same reasons.

ORDER - 4

from the Commissioner of Social Security (the "Commissioner") pursuant to 20 U.S.C. § 405(g). Johnson v. Shalala, 2 F.3d 918, 921 (9th Cir. 1993); see also Heckler v. Ringer, 466 U.S. 602, 617 (1984) ("§ 405(g) is the only avenue for judicial review" of claims for benefits). "A final judgment" in the context of 42 U.S.C. § 405(g) "consists of two elements: the presentment of a claim to the [Commissioner] and the exhaustion of administrative remedies." Johnson, 2 F.3d at 921. "The presentment requirement is jurisdictional, and therefore cannot be waived." Id.; see also Heckler, 466 U.S. at 617 ("§ 405(g) consists of a nonwaivable requirement that a 'claim for benefits shall have been presented to the [Commissioner]'") (quoting Mathews v. Eldridge, 424 U.S. 319, 328 (1976)). It is satisfied when a claim for benefits is made and the Commissioner "determines that the claimant meets the eligibility requirements for those benefits." Briggs v. Sullivan, 886 F.2d 1132, 1139 (9th Cir. 1989).

Accordingly, where the complaint does not contain any allegation that an application for benefits has been filed with the SSA – let alone that eligibility therefor has been determined – the complaint will be deemed "jurisdictionally deficient." Mathews v. Eldridge, 424 U.S. 319, 329 (1976) (concluding complaint was sufficient as it alleged claims for benefits had been "fully presented" to "[the] district Social Security Office and, upon denial, to the Regional Office for reconsideration.") (quoting Weinberger v. Salfi, 422 U.S. 749, 764-65 (1975) (internal quotation marks omitted)). "[T]o become entitled to [spousal retirement] benefits," furthermore, it is the spouse of the insured person who must apply therefor by signing and filing "an application that [the Commissioner] prescribe[s]."[3] 20 C.F.R. §§ 404.330(b), 404.603, 404.611(a), 404.612(a);

---

[3] Applications may consist of the SSA's "traditional pre-printed forms, and applications [the SSA's] employees complete on computer screens based on information" the claimant provides. 20 C.F.R. § 422.505(a). A claimant "may also use SSA's Internet website to submit an SSA-approved application," or "complete an Internet application on a computer (or other suitable device, such as an electronic kiosk) and electronically transmit the form to [the SSA] using an SSA-approved electronic signature." Id.

ORDER - 5

see also Driver v. Heckler, 779 F.2d 509, 511 (9th Cir. 1985) ("The filing of an application is a prerequisite to the entitlement to benefits."). In addition, the spouse "must be alive at the time [the] application is filed." 20 C.F.R. § 404.615.

To satisfy the presentment requirement in this case, therefore, plaintiff has to show Mrs. Holcomb herself signed and filed an application for spousal retirement benefits in the manner prescribed by the Commissioner. But as discussed above, Mrs. Holcomb never applied for such benefits prior to her death.[4] Thus, the presentment requirement has not been satisfied. See Crane v. Shalala, 76 F.3d 251, 255 (9th Cir. 1996) (rejecting claim that ALJ erred by failing to consider application for benefits because no showing was made that application was ever filed and record did not contain one). As such, on this basis alone plaintiff has not established a "final judgment" was obtained in this case that is subject to review by the Court.

Plaintiff also has failed to satisfy the exhaustion requirement. The meaning of the term "final decision" in 20 U.S.C. § 405(g) – that is, when an administrative decision becomes final – is left to the Commissioner "to flesh out by regulation." Weinberger, 422 U.S. at 766; see also Mathews, 424 U.S. at 330 ("[U]nder s 405(g) the power to determine when finality has occurred ordinarily rests with the [Commissioner]."). The Commissioner's regulations provide that there is a "right to judicial review" after all "necessary administrative steps" have been taken to complete the "administrative review process." 20 C.F.R. § 404.900(a). Those steps consist of the initial determination regarding entitlement to benefits, reconsideration of that determination, a

---

[4] Plaintiff asserts that pursuant to 20 C.F.R. § 404.633, he may apply for spousal retirement benefits even after Mrs. Holcomb's death. But that regulation would apply only where the Commissioner had provided Mrs. Holcomb with "misinformation" in response to an inquiry she made concerning her eligibility for benefits. 20 C.F.R. § 404.633(a). Here, though, there is no evidence that such occurred, and indeed plaintiff specifically asserts that the error was in the Commissioner's failure to actively advise Mrs. Holcomb as to her right to file a claim for spousal retirement benefits. In addition, as discussed further below, the Commissioner was not under any legal obligation to provide such advice to Mrs. Holcomb. Accordingly, to the extent plaintiff is claiming this failure to advise constitutes the type of misinformation contemplated by 20 C.F.R. § 404.633, that claim lacks merit as well.

ORDER - 6

hearing before an ALJ, and review by the Appeals Council of the ALJ's decision. See id.; see also Bass v. Social Security Admin., 872 F.2d 832, 833 (1988).[5]

An initial determination is a determination the Commissioner makes that is "subject to administrative and judicial review." 20 C.F.R. § 404.902. Plaintiff characterizes his having been told by a representative of the SSA that he could not apply for spousal retirement benefits on his deceased wife's behalf as a "determination". ECF #1, Exhibit B-43; see also Exhibit B-46. However, there is no record of any "formal determination" having been made at the initial administrative review stage as contemplated by the Commissioner's regulations. Weigel Declaration, Exhibit 1, p. 4; see also 20 C.F.R. § 404.902 ("We will base our initial determination on the preponderance of the evidence. We will state the important facts and give the reasons for our conclusions in the initial determination."). Accordingly, the Court agrees with the administrative determinations made at the reconsideration and hearing levels that no "initial determination" occurred in this case.

Because plaintiff never obtained a formal initial determination, dismissal of his request for reconsideration was proper. See 20 C.F.R. §§ 404.900(a), 404.907 ("If you are dissatisfied with the initial determination, reconsideration is the first step in the administrative review process that we provide."), 404.908 (same). Similarly, plaintiff's request for a hearing before an

---

[5] As succinctly described by the Ninth Circuit in Bass:

> Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner], and (2) the [Commissioner] has made a final decision on the claim. To obtain a hearing, the claimant must (1) present a claim to the [Commissioner] and obtain an initial determination (20 C.F.R. § 404.900(a)(1)); (2) seek reconsideration (20 C.F.R. §§ 404.900(a)(2), 404.909, 404.920); and (3) after reconsideration, request a hearing before an administrative law judge (20 C.F.R. §§ 404.900(a)(3), 404.933). The decision made following the hearing does not become the final decision of the [Commissioner] until the claimant requests review by the appeals council, and the appeals council either grants or denies review. 20 C.F.R. §§ 404.900(a)(5), 404.955, 404.981.

Id.

ORDER - 7

ALJ was properly dismissed, because he had "no right" thereto as there had been no determination on reconsideration. 20 C.F.R. § 404.957(c)(2); see also § 404.929, 404.930(a)(1). The dismissal of that hearing request is "binding" in this case, furthermore, given that it was not vacated either by an ALJ or the Appeals Council. See 20 C.F.R. §§ 404.959, 404.967.

The Commissioner's regulations do provide that a claimant "may obtain judicial review of a decision by an administrative law judge if the Appeals Council has denied the claimant's request for review." 20 C.F.R. § 422.210(a). But those regulations clearly distinguish between a "decision" by an ALJ – which is made only after a hearing – and a dismissal of a request for a hearing. See id.; see also 20 C.F.R. §§ 404.955 ("decision of the administrative law judge is binding on all parties to the hearing," unless Appeals Council grants request for review), 404.959 ("dismissal of a request for a hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council"), 404.967 ("If you [are] dissatisfied with the hearing decision or with the dismissal of a hearing request, you may request that the Appeals Council review that action.").

Indeed, both the Supreme Court and the Ninth Circuit have expressly held that 42 U.S.C. § 405(g) "clearly limits judicial review to a particular type of agency action, a 'final decision of the [Commissioner] made after a hearing'," that is "a final decision on the merits."[6] Califano v. Sanders, 430 U.S. 99, 108 (1977) ("Congress' determination so to limit judicial review to the original decision denying benefits is a policy choice obviously designed to forestall repetitive or

---

[6] Section 405(g) provides in relevant part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow. . . .

42 U.S.C. § 405(g).

ORDER - 8

belated litigation of stale eligibility claims."); Matlock v. Sullivan, 908 F.2d 492, 494 (9th Cir. 1990); see also Bass, 872 F.2d at 833 (decision made after hearing does not become final decision of Commissioner until claimant requests Appeals Council review and Appeals Council grants or denies review). As such, judicial review is not available for those denials of requests for agency action made without a hearing. See Califano, 430 U.S. at 986 (rejecting claim that dismissal of petition to reopen prior final decision constituted final agency decision subject to judicial review, because such dismissal "may be denied without a hearing"); see also Dexter v. Colvin, 731 F.3d 977, 980 (9th Cir. 2013) ("Because SSA's decision whether . . . to entertain untimely hearing request or reopen an earlier application is strictly discretionary, . . . it is not final and thus not generally reviewable by a district court."); Matlock, 908 F.2d at 494 (because Appeals Council's decision to hear untimely request for review is discretionary, it "may deny a request for an extension without a hearing").

As plaintiff has not obtained a "final decision" from the Commissioner in this matter, he has failed to exhaust his administrative remedies thereby precluding the availability of judicial review on this basis as well. As noted above, the exhaustion requirement is waivable, and it may be waived "either by the [Commissioner] or the courts. Johnson, 2 F.3d at 921 (citing Matthews 424 U.S. at 330); see also Heckler, 466 U.S. at 617. The Commissioner clearly opposes waiver of that requirement in this case. See ECF #6. As for the availability of "judicial waiver," in "certain special cases, deference to the [Commissioner's] conclusion as to the utility of pursuing the [particular] claim through administrative channels is not always appropriate." Heckler, 466 U.S. at 618; Johnson, 2 F.3d at 921 (quoting Briggs, 886 F.2d at 1139). But "[a] district court will waive the exhaustion requirement if, and only if," the following three-part test is satisfied:

ORDER - 9

> [t]he claim at issue must be (1) collateral to a substantive claim of entitlement (collaterality), (2) colorable in its showing that refusal to the relief sought will cause an injury which retroactive payments cannot remedy (irreparability), and (3) one whose resolution would not serve the purposes of exhaustion (futility). . . .

Bass, 872 F.2d at 833 (citation omitted); see also Johnson, 2 F.3d at 921; Kildare v. Saenz, 325 F.3d 1078, 1082 (9th Cir. 2003). That test has not been satisfied in this case.

First, plaintiff's claim is not collateral to a substantive claim of entitlement to benefits. To the contrary, it is "essentially a claim for benefits." Kildare, 325 F.3d at 1082 ("[W]here the claims for benefits are 'inextricably intertwined' with the [Commissioner's] procedures, administrative exhaustion pursuant to § 405(g) must be respected.") (citing Johnson, 2 F.3d at 921; quoting Heckler, 466 U.S. at 614); see also Johnson, 2 F.3d at 921-22 (finding claimant's claim to be "collateral because it [wa]s not 'bound up with the merits so closely that [the court's] decision would constitute 'interference with agency process.'" (quoting Johnson v. Sullivan, 922 F.2d 346, 353 (7th Cir. 1990) (quoting Weinberger, 422 U.S. at 765)); ECF #1, p. 6 (seeking award "of $16,000 [in additional benefits Mrs. Holcomb would have received had she applied for and received them], more or less."), Exhibit B-43.

Second, plaintiff has not raised "at least a colorable claim" that requiring exhaustion in this case would cause "irreparable harm." Johnson, 2 F.3d at 922 (quoting Matthews, 424 U.S. at 331). "A colorable claim of irreparable harm is one that is not 'wholly insubstantial, immaterial, or frivolous.'" Kildare, 325 F.3d at 1083 (quoting Johnson, 2 F.3d at 922 (citation and internal quotation marks omitted)). Irreparable harm exists where the alleged injury cannot "be remedied by the retroactive payment of benefits after exhaustion of . . . administrative remedies." Heckler, 466 U.S. at 618. But as just discussed, plaintiff's claim is essentially one for payment of the additional amount of benefits he alleges Mrs. Holcomb could have received had she applied for

ORDER - 10

and received spousal retirement benefits, and plaintiff has not shown the injury he asserts in not receiving that additional amount could not be remedied following exhaustion of administrative remedies. Thus, the second part of the three-part test has not been met as well.

Third, plaintiff has not shown resolution of his claims would not serve the purpose of exhaustion:

> . . . In most cases, the exhaustion requirement allows the agency to compile a detailed factual record and apply agency expertise in administering its own regulations. The requirement also conserves judicial resources. The agency will correct its own errors through administrative review.

Johnson, 2 F.3d at 922; see also Kildare, 325 F.2d at 1083-84 (quoting Johnson, 2 F.3d at 922, and Briggs, 886 F.2d at 1140-41 (futility found where court "could not see 'what sort of a detailed record might assist a court in determining the merits of appellants' straightforward statutory and constitutional challenge'")). Clearly, the determination as to whether plaintiff is entitled to spousal retirement benefits on Mrs. Holcomb's behalf is the very type of case that would benefit from both the compiling of a detailed factual record and the application of the Commissioner's expertise in administering those regulations governing entitlement to and payment of such benefits. Accordingly, the Court finds no basis for judicially waiving the exhaustion requirement in this case.

As discussed above, plaintiff also may be asserting a due process claim that notice of the right to file an application for spousal retirement benefits was never provided by the SSA. The Court, though, finds no merit in that claim. There are some cases where "a claimant's interest in having a particular issue resolved promptly is so great that deference to the agency's judgment [regarding when finality in the administrative review process occurs] is inappropriate." Mathews, 424 U.S. at 330. These involve challenges to the agency's decisions made "on constitutional

ORDER - 11

grounds," to which is applied "the well-established principle that when constitutional questions are in issue, the availability of judicial review is presumed." Califano, 430 U.S. at 109. This is because constitutional questions "obviously are unsuited to resolution in administrative hearing procedures," thereby making access to the courts "essential" to deciding them, and therefore "a statutory scheme" will not be interpreted as foreclosing judicial review unless there is "clear and convincing" evidence of congressional intent to do so. Id. (citation omitted); see also Boettcher v. Secretary of Health and Human Services, 759 F.2d 719, 721 (9th Cir. 1985).

This exception to the general rule that only "final" decisions of the Commissioner are subject to judicial review, though, exists solely for "colorable" constitutional claims. Dexter, 731 F.3d at 980 (citation omitted). "A constitutional claim is not 'colorable' if it 'clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial or frivolous.'" Hoye v. Sullivan, 985 F.2d 990, 991-92 (9th Cir. 1992) (citations omitted). Accordingly, "[t]he mere allegation" of a due process violation is insufficient to raise a colorable constitutional claim "to provide subject matter jurisdiction." Id. Although plaintiff does not describe it as such, the allegation contained in his complaint that Mrs. Holcomb "was never advised of her right to seek" spousal retirement benefits once she turned age 62, may have been intended to be a violation of due process claim. ECF #1, p. 5. To the extent that it was, the Court finds it deficient.

"Procedural due process imposes constraints on governmental decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews, 424 U.S. at 332. Again although not specifically

ORDER - 12

alleged in the complaint, to the extent plaintiff is claiming "a vested [property] interest"[7] in Mrs. Holcomb's spousal retirement benefits, that claim "ignores the explicit language of [42 U.S.C. § 402], which makes filing [an application for benefits] a condition of entitlement." Johnson, 572 F.2d at 699. In other words, "a potential beneficiary's interest in the [claimed benefits] is not an accrued property right" protected by the Due Process Clause. Id. Plaintiff also has failed to show lack of reasonable notice as contemplated by that clause.

"[D]ue process requires the government to provide 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" Williams v. Mukasey, 531 F.3d 1040, 1042 (9th Cir. 2008) (quoting Jones v. Flowers, 547 U.S. 220, 226 (2006)). Plaintiff argues the Commissioner had a duty to actively advise Mrs. Holcomb of her right to apply for spousal retirement benefits when she turned age 62, beyond the notice already provided by formal publication of the rules and regulations governing entitlement to those benefits. But "[a]s a general rule, 'publication in the Federal Register is legally sufficient notice to all interested or affected persons regardless of actual knowledge or hardship resulting from ignorance.'" Id. ("To the extent that Petitioner also claims that publication in the Federal Register was 'insufficient in law,' . . . that argument fails because the government had no independent legal duty to provide notice by a different method.") (citations omitted).[8]

"Publication in the Federal Register may not be sufficient notice to a party when the published information concerns imminent government action that directly affects the party's

---

[7] Clearly, plaintiff is not asserting a liberty interest is at stake here, nor can one be found in this case.

[8] In response to the plaintiff's suggestion in Williams "that publication in the Federal Register is 'insufficient in law' simply because there are more effective methods of notice that are not particularly burdensome," the Ninth Circuit stated "the availability of an alternative method of notice, regardless of its reasonableness, does not itself impose a legal obligation." 531 F.3d at 1043.

ORDER - 13

rights and that party's interest in the government action is more than 'purely speculative.'" Id. (citation omitted). But while it might be said that the Commissioner had "more than speculative knowledge" as to when Mrs. Holcomb turned age 62 (see id.) – given that she had applied for and already been receiving disability insurance benefits for a number of years prior thereto, and thus her personal information, including her age, likely known to the SSA – there is no evidence of information having been published at the time or any time thereafter concerning "imminent government action" directly affecting Mrs. Holcomb's rights or interests, as opposed to general publication affecting all potential claimants. See Johnson, 572 F.2d at 699 ("The [SSA] is not duty bound to review every processed claim in light of subsequent [statutory] amendments which grant further benefits."). Plaintiff's due process claim is thus without merit.

## CONCLUSION

Based on the foregoing discussion, the Court finds it lacks jurisdiction in this matter in light of plaintiff's failure to satisfy the presentment and exhaustion requirements of 42 U.S.C. § 405(g). Accordingly, defendant's motion to dismiss plaintiff's complaint (ECF #13) hereby is GRANTED.

DATED this 7th day of January, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 14